IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-41787
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

YESSINIA VALENTIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-710-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury found Yessinia Valentin guilty of one count of conspiracy to possess more than five kilograms of cocaine with intent to distribute and one count of possession of more than five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841, 846. She appeals her conviction, arguing that the district court abused its discretion in denying her requested jury instruction on the offense of duress and in precluding her counsel from arguing duress to the jury. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's refusal to give a requested jury instruction for abuse of discretion. See United States v. Clements, 73 F.3d 1330, 1338 (5th Cir. 1996). A defendant who seeks an instruction on an affirmative defense such as duress must present sufficient evidence for a reasonable jury to find in the defendant's favor. See United States v. Stone, 960 F.2d 426, 432 (5th Cir. 1992).

The district court committed no abuse of discretion. The court reasonably concluded that, given the evidence, Valentin did not make a sufficient showing that she was under a present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury, that she had not recklessly or negligently placed herself in a situation in which it was probable that she would be forced to choose criminal conduct, and that she had no reasonable legal alternative to violating the law. See United States v. Posada-Rios, 158 F.3d 832, 8753 (5th Cir. 1998). Accordingly, it was not an abuse of discretion for the court to deny the instruction or to refuse to allow counsel to present the defense to the jury.

The judgment of the district court is AFFIRMED.